ROBERT CARSON GODBEY, 4685
Acting Corporation Counsel

CURTIS E. SHERWOOD, 7851
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawai'i 96813
Telephone:  768-5134
Facsimile:  768-5105
Email:     csherwood@honolulu.gov

Attorneys for City Defendants
   CITY AND COUNTY OF HONOLULU,
   HONOLULU POLICE DEPARTMENT,
   LEONARD NISHIMURA, and KEVIN TAKEHARA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DESIREE O'BRIEN, AS NEXT FRIEND OF YVONNE ARSISTO, | ) CIVIL NO. CV11-00368 RLP |
| | ) |
| | ) DEFENDANTS CITY AND COUNTY |
| Plaintiff, | ) OF HONOLULU, HONOLULU |
| | ) POLICE DEPARTMENT, LEONARD |
| vs. | ) NISHIMURA AND KEVIN |
| | ) TAKEHARA'S ANSWER TO |
| CITY AND COUNTY OF | ) COMPLAINT FILED ON MARCH 16, |
| HONOLULU; HONOLULU POLICE | ) 2011; CERTIFICATE OF SERVICE |
| DEPARTMENT; LEONARD | ) |
| NISHIMURA, Individually and in His | ) |
| Official Capacity; KEVIN | ) |
| TAKEHARA Individually and in His | ) |
| Official Capacity; DOE | ) Trial Date:  None. |
| DEFENDANTS 1-100; and DOE | ) |
| ENTITIES1-100, | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANTS CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT, LEONARD NISHIMURA AND KEVIN TAKEHARA'S ANSWER TO COMPLAINT FILED ON MARCH 16, 2011

Defendants CITY AND COUNTY OF HONOLULU, HONOLULU

POLICE DEPARTMENT, LEONARD NISHIMURA and KEVIN TAKEHARA

(collectively hereinafter referred to as "City Defendants") by and through their

attorneys, Carrie K.S. Okinaga, Corporation Counsel, and Curtis E. Sherwood,

Deputy Corporation Counsel, answer the Complaint filed by Plaintiff, DESIREE

O'BRIEN, AS NEXT FRIEND OF YVONNE ARSISTO, (hereinafter referred to

as "Plaintiff") on March 16, 2011 (hereinafter the "Complaint") as follows:

FIRST DEFENSE

The Complaint fails to state a claim against City Defendants upon which

relief can be granted.

SECOND DEFENSE

1.      With respect to the initial paragraph set forth in Plaintiff's Complaint,

under the heading "Jurisdiction and Venue", City Defendants deny the allegations

related to a purported law referenced in the Complaint as "Haw. Rev. Stat. § 604-

35(a)." City Defendants are without sufficient information or knowledge to form a

belief as to the truth of the remaining allegations of this paragraph and on that basis

deny the same.

## PARTIES

2.      City Defendants admit the allegations contained in paragraph 5 of the Complaint.

3.      City Defendants deny the allegations contained in paragraph 8 of the Complaint.

4.      City Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3 and 11 of the Complaint, and on that basis they deny the same.

5.      With respect to the allegations contained in paragraph 4 of the Complaint, City Defendants admit that Defendant CITY AND COUNTY OF HONOLULU is a municipal corporation.  City Defendants also admit that the HONOLULU POLICE DEPARTMENT (hereinafter "HPD") is a department of DEFENDANT CITY AND COUNTY OF HONOLULU.  City Defendants deny the remaining allegations of this paragraph.

6.      With respect to the allegations contained in paragraph 6 of the Complaint, City Defendants deny that Defendant CITY AND COUNTY OF HONOLULU can be held vicariously liable, under 42 U.S.C.§ 1983, for the acts or omissions of its employees.  The remaining allegations contained in such paragraph are incredibly vague and ambiguous and City Defendants therefore lack

sufficient information to respond to the same.  On that basis, City Defendants deny these remaining allegations.

7.     With respect to the allegations contained in paragraph 7 of the Complaint, the allegations contained therein are incredibly vague and ambiguous and City Defendants therefore lack sufficient information to respond to the same. On that basis, City Defendants deny these allegations.

8.     With respect to the allegations contained in paragraph 9 of the Complaint, City Defendants admit that HPD is the primary law enforcement agency of Defendant CITY AND COUNTY OF HONOLULU.

9.     With respect to the allegations contained in paragraph 10 of the Complaint, City Defendants admit that HPD is the City department with primary responsibility for training, hiring and supervising its officers and employees.  City Defendants also admit that HPD implements and maintains policies germane to the police function.  City Defendants further admit that the HPD officers directly involved in the incident, at the time of the incident, were employed by the CITY AND COUNTY OF HONOLULU.  The remaining allegations of this paragraph are too vague and/or City Defendants lack sufficient information to respond to them and on that basis, deny the same.

//

//

## FACTUAL ALLEGATIONS

10.     City Defendants deny the allegations contained in paragraphs 19, 24, 27, 28, 29, 31, 34, 35 and 36.

11.     City Defendants lack sufficient information to respond to the allegations contained in paragraph 15, 21 and 30, on that basis, deny the same.

12.     With respect to the allegations contained in paragraph 12 of the Complaint, City Defendants admit that YVONNE ARSISTO (hereinafter "ARSISTO") was near the intersection of South King Street and Kalakaua Avenue on April 3, 2009 at around 2:00 a.m.

13.     With respect to the allegations contained in paragraph 13 of the Complaint, City Defendants admit that Defendant LEONARD NISHIMURA responded to a call by Phoenix Security Agency and arrived at 1521 South King Street shortly after 2:00 a.m.

14.     With respect to the allegations contained in paragraph 14 of the Complaint, City Defendants admit that Defendant KEVIN TAKEHARA and other HPD officers also responded to the same location.

15.     With respect to the allegations contained in paragraph 16 of the Complaint, City Defendants admit that Defendants LEONARD NISHIMURA and KEVIN TAKEHARA approached, questioned and gave instructions to ARSISTO.

16.     With respect to the allegations contained in paragraph 17 of the Complaint, City Defendants admit that ARSISTO held a metal objects in each of her hands and that, at one point in the incident, she backed away from the officers. City Defendants deny the remaining allegations of this paragraph.

17.     With respect to the allegations contained in paragraph 18 of the Complaint, City Defendants admit that at least one of the officers told ARSISTO that they did not want anyone to get hurt.  City Defendants lack sufficient information to respond to the remaining allegations of this paragraph and on that basis deny the same.

18.     With respect to the allegations contained in paragraph 20 of the Complaint, City Defendants admit that one of the officers suggested that LEONARD NISHIMURA tase ARSISTO.  City Defendants deny the remaining allegations of this paragraph.

19.     With respect to the allegations contained in paragraph 21 of the Complaint, City Defendants admit that Defendants LEONARD NISHIMURA and KEVIN TAKEHARA, deployed his taser and fired his handgun at, or in the direction of, ARSISTO.   City Defendants deny the remaining allegations of this paragraph.

//

//

20.     With respect to the allegations contained in paragraph 22 of the Complaint, City Defendants admit that one of the probes that deployed when Defendant LEONARD NISHIMURA fired his taser, struck ARSISTO in her torso.

21.     With respect to the allegations contained in paragraph 23 of the Complaint, City Defendants admit that one bullet filed by Defendant KEVIN TAKEHARA penetrated her abdomen.  The remaining allegations of this paragraph are vague, ambiguous and City Defendants lack sufficient information to respond them.  On those bases, City Defendants deny the same.

22.     With respect to the allegations contained in paragraph 25 of the Complaint, City Defendants admit that ARSISTO was taken to Queen's Medical Center for treatment of her abdomen injury.  City Defendants admit that ARSISTO was shot by Defendant KEVIN TAKEHARA and that Defendant LEONARD NISHIMURA attempted to tase her.  The remaining allegations of this paragraph are vague, ambiguous and call for a legal conclusion.  On those bases, City Defendants deny the same.

23.     With respect to the allegations contained in paragraph 26 of the Complaint, City Defendants admit that ARSISTO suffered an abdominal injury as a result of the incident.  The remaining allegations of this paragraph are vague, ambiguous and call for a legal conclusion.  On those bases, City Defendants deny the same.

24.     With respect to the allegations contained in paragraph 32 of the Complaint, City Defendants admit that the CITY AND COUNTY OF HONOLULU, through its department, HPD, employed Defendants LEONARD NISHIMURA and KEVIN TAKEHARA.  City Defendants lack sufficient information to respond to the allegation that "HPD and CITY AND COUNTY OF HONOLULU employed … DOE DEFENDANTS" and on that basis deny this allegation.  City Defendants deny the remaining allegations of this paragraph.

25.     With respect to the allegations contained in paragraph 33 of the Complaint, City Defendants deny that the CITY AND COUNTY OF HONOLULU or  HPD can be liable under 42 U.S.C. § 1983 simply where its agents perform duties within the scope of their employment relationship with HPD.  The remaining allegations of this paragraph are vague and ambiguous and City Defendants lack sufficient information to respond to them.  On that basis, City Defendant deny the same.

### COUNT I: ASSAULT WITH DEADLY WEAPON

26.     In response to the allegations contained in paragraph 37 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 36, inclusive, as though fully set forth herein.

27.     City Defendants deny the allegations contained in paragraph 38.

28. City Defendants lack sufficient information to respond to the allegations contained in paragraph 39 and, on that basis, deny the same.

## COUNT II: BATTERY

29. In response to the allegations contained in paragraph 40 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 39, inclusive, as though fully set forth herein.

30. City Defendants deny the allegations contained in paragraph 41.

31. City Defendants lack sufficient information to respond to the allegations contained in paragraph 42 and, on that basis, deny the same.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. In response to the allegations contained in paragraph 43 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 42, inclusive, as though fully set forth herein.

33. City Defendants deny the allegations contained in paragraphs 44 and 46.

34. City Defendants lack sufficient information to respond to the allegations contained in paragraph 45 and, on that basis, deny the same.

//

//

//

## COUNT IV: NEGLIGENCE

35.    In response to the allegations contained in paragraph 47 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 46, inclusive, as though fully set forth herein.

36.    City Defendants deny the allegations contained in paragraphs 48, 49 and 50.

## COUNT III: NEGIGENT INFLICTION OF EMOTIONAL DISTRESS

37.    In response to the allegations contained in paragraph 51 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 50, inclusive, as though fully set forth herein.

38.    City Defendants deny the allegations contained in paragraphs 52, 54 and 55.

39.    City Defendants lack sufficient information to respond to the allegations contained in paragraph 53 and, on that basis, deny the same.

## COUNT VI: VIOLATION OF CIVIL/CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

40.    In response to the allegations contained in paragraph 56 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 45, inclusive, as though fully set forth herein.

41.    City Defendants deny the allegations contained in paragraphs 57, 58, 59 and 60.

## COUNT VII: VIOLATION OF CIVIL/CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983: MUNICIPAL

42.   In response to the allegations contained in paragraph 61 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 45, inclusive, as though fully set forth herein.

43.   City Defendants deny the allegations contained in paragraphs 62, 63, 64, 65, and 66.

## COUNT VIII: NEGLIGENT SUPERVISION AND TRAINING

44.   In response to the allegations contained in paragraph 67 of the Complaint, City Defendants reallege and incorporate by reference their answers to paragraphs 1 through 66, inclusive, as though fully set forth herein.

45.   City Defendants deny the allegations contained in paragraphs 68, 69 and 70.

46.   City Defendants deny all allegations contained in Plaintiff's Complaint which have not been specifically admitted, denied, or otherwise responded to herein.

THIRD DEFENSE

Defendants LEONARD NISHIMURA and KEVIN TAKEHARA are entitled to the defense of qualified immunity.

//

//

FOURTH DEFENSE

Defendant HONOLULU POLICE DEPARTMENT (hereinafter "HPD") is *non sui juris* and therefore not a proper party to this action.

FIFTH DEFENSE

Defendants LEONARD NISHIMURA, KEVIN TAKEHARA, and, derivatively, the CITY AND COUNTY OF HONOLULU are entitled to the common law defense of conditional privilege, otherwise known as state qualified immunity.  To the extend HPD is a party, it is likewise entitled to this defense.

SIXTH DEFENSE

Defendants LEONARD NISHIMURA and KEVIN TAKEHARA had probable cause to detain, arrest and otherwise seize Plaintiff.

SEVENTH DEFENSE

If Plaintiff sustained the injuries alleged in the Complaint, those injuries were the proximate result of that degree of force necessary and reasonable to compel ARSISTO to submit to a lawful arrest or detention.

EIGHTH DEFENSE

If ARSISTO sustained the injuries alleged in the Complaint, those injuries were the proximate result of such force that was immediately necessary and reasonable to prevent ARSISTO from committing, continuing, consummating, or fleeing from the commission of a crime

NINTH DEFENSE

If ARSISTO sustained the injuries alleged in the Complaint, those injuries were the proximate result of such force that the police officers believed to be immediately necessary and reasonable for the purpose of protecting themselves against the use of unlawful force by ARSISTO.

TENTH DEFENSE

If ARSISTO sustained the injuries alleged in the Complaint, those injuries were the proximate result of such force that the police officers believed to be immediately necessary and reasonable for the purpose of protecting other persons.

ELEVENTH DEFENSE

ARSISTO is not privileged to resist a lawful arrest and investigation which she knows to be made by a police officer. If ARSISTO sustained the injuries alleged in the Complaint, those injuries were the proximate result of resistance to or interference with a lawful arrest or detention.

TWELFTH DEFENSE

If ARSISTO sustained the injuries and/or damages alleged in the Complaint, such injuries and/or damages were the result of ARSISTO's own misconduct in harassing and interfering with officers of the Honolulu Police Department who were in the performance of their duty.

THIRTEENTH DEFENSE

ARSISTO's rights, privileges and immunities secured under the laws and the constitutions of the United States and the State of Hawaii have not been violated by any alleged action of the City Defendants.

FOURTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, laches and/or estoppel.

FIFTEENTH DEFENSE

Neither the CITY AND COUNTY OF HONOLULU nor HPD is liable under the theory of *respondeat superior* as such theory is inapplicable to actions brought under 42 U.S.C. §1983 and any allegedly improper actions of an individual defendant cannot be attributed to these defendants.

SIXTEENTH DEFENSE

City Defendants give notice that they may rely on the defense that ARSISTO was under the influence of alcohol, drugs, and/or some other intoxicating substances.

SEVENTEENTH DEFENSE

Neither the CITY AND COUNTY OF HONOLULU nor HPD is subject to joint and several liability in this matter pursuant to Hawaii Revised Statutes Section 633-10.5.

EIGHTEENTH DEFENSE

There was no improper policy, custom or practice of the CITY AND COUNTY OF HONOLULU or HPD which resulted in the alleged deprivation of ARSISTO's constitutional rights.

NINETEENTH DEFENSE

City Defendants give notice that they may rely on the defense of unclean hands on the part of ARSISTO.

TWENTIETH DEFENSE

ARSISTO has not suffered any emotional distress compensable under law.

TWENTY-FIRST DEFENSE

City Defendants give notice that they may rely upon the affirmative defense that Plaintiff has failed to mitigate her damages, if any.

TWENTY-SECOND DEFENSE

By law and pursuant to the facts herein, Plaintiff is not entitled to punitive damages from City Defendants.

TWENTY-THIRD DEFENSE

If it is determined that an employee, agent, servant, appointee, or representative of City Defendants was responsible for ARSISTO's injuries and damages, such individuals' alleged acts were justifiable under the applicable law and facts of this case.

## TWENTY-FOURTH DEFENSE

If it is determined that an employee, agent, servant, appointee or

representative of the CITY AND COUNTY OF HONOLULU was responsible for

Plaintiff's injuries and/or damages, such individuals' actions, omissions, or

conduct were <u>outside</u> the course and scope of their employment or relationship

with the CITY AND COUNTY OF HONOLULU and HPD.

## TWENTY-FIFTH DEFENSE

If an employee, agent or officer of the CITY AND COUNTY OF

HONOLULU is immune from liability, then the CITY AND COUNTY OF

HONOLULU and HPD are likewise immune from liability.

## TWENTY-SIXTH DEFENSE

Defendants LEONARD NISHIMURA and KEVIN TAKEHARA acted

lawfully and properly in the execution of their duties as authorized by the Hawaii

Penal Code and Hawaii Revised Statutes, Chapter 803.

## TWENTY-SEVENTH DEFENSE

If ARSISTO sustained the injuries and/or damages alleged in the Complaint,

such injuries and/or damages were the result of ARSISTO's own misconduct.

## TWENTY-EIGHTH DEFENSE

The conduct of Defendants LEONARD NISHIMURA and KEVIN

TAKEHARA was at all times lawful, reasonable and proper.

## TWENTY-NINTH DEFENSE

City Defendants' owed no duty to Plaintiff.  If, however, City Defendants did owe a duty to Plaintiff, any injuries and/or damages alleged by Plaintiff were not the result of a breach by City Defendants of any duty of care owed.

## THIRTIETH DEFENSE

The alleged negligence of City Defendants was not the proximate cause of Plaintiff's injury as it was not a substantial factor in causing the damages ARSISTO allegedly suffered.

## THIRTY-FIRST DEFENSE

Plaintiff's negligence and/or criminal conduct was the sole proximate cause or a greater contributing cause of her alleged injuries than any wrongdoing on the part of City Defendants and accordingly she cannot recover against them.

## THIRTY-SECOND DEFENSE

ARSISTO acted with poor judgment and a lack of due care at the time of the incident which resulted in her injuries and she cannot recover from City Defendants.

## THIRTY-THIRD DEFENSE

If ARSISTO sustained the injuries alleged in the Complaint, she assumed the risk thereof and the damages of such voluntary assumption of risk were the proximate cause of ARSISTO's injuries and/or damages.

THIRTY-FOURTH DEFENSE

City Defendants were not negligent.

THIRTY-FIFTH DEFENSE

City Defendants acted at all times in good faith and without malice.

THIRTY-SIXTH DEFENSE

The alleged negligent acts, omissions of due care, and/or conduct, if any, of

the CITY AND COUNTY OF HONOLULU, HPD, or its employees, agents,

servants, appointees or representatives were passive and not active, and which

merely furnished a condition that was merely a circumstance of the alleged injuries

and/or damages to Plaintiff and accordingly, City Defendants are not liable.

THIRTY-SEVENTH DEFENSE

The acts or omissions of ARSISTO and/or the acts or omissions of

codefendants to be named, or other parties yet unknown which were the cause of

ARSISTO's injuries and/or damages, were acts done beyond the control of City

Defendants and for which City Defendants are not liable.

THIRTY-EIGHTH DEFENSE

City Defendants give notice that they may rely on the defenses of estoppel,

res judicata, and/or collateral estoppel.

THIRTY-NINTH DEFENSE

ARSISTO's alleged injuries were sustained as a result of her own or another

third-party's wrongful and/or illegal act.

## FOURTIETH DEFENSE

City Defendants reserve all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend their Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

WHEREFORE, City Defendants prays as follows:

1.     That the Complaint be dismissed with prejudice.

2.     That City Defendants be awarded their costs and attorneys' fees.

3.     That this Court grant such other and further relief that it may deem just and equitable.

DATED: Honolulu, Hawai'i, July 7, 2011.

ROBERT CARSON GODBEY
Acting Corporation Counsel


By:   /s/ Curtis E. Sherwood
     CURTIS E. SHERWOOD
     Deputy Corporation Counsel

     Attorney for City Defendants

11-02651/185601